**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| HANNA HACKBARDT | § | |
| | § | Case No. 1:17-cv-1113 |
|     Plaintiff | § | |
| | § | |
| -v- | § | |
| | § | COMPLAINT |
| MIDLAND FUNDING, LLC, | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
|     Defendant. | § | |

## INTRODUCTION

1. Defendant Midland Funding (hereafter "Defendant") harassed Plaintiff Hannah Hackbardt ("Plaintiff") for months with collection robocalls when they had no right to make these automated calls to Plaintiff's cellular telephone, and Plaintiff had never provided them with either express or implied consent to receive such calls.

2. Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights under state and federal law.

3. The Telephone Consumer Protection Act ("TCPA") was enacted to prevent companies from invading American citizen's privacy and to "protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs.,* 132 S.Ct. 740 (2012).

4. According to the Federal Communications Commission (FCC), Únwanted calls and texts are the number one complaint to the FCC. The FCC received more than 215,000 TCPA complaints in 2014 alone. https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. Senator Hollings, the TCPA's sponsor described these calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

6. Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompany these repeated robocalls, but also because the calls brought on depression, feelings of anxiety, caused diminished battery life, wasted Plaintiff's time, and otherwise interfered with her ability to make and receive phone calls on her cellular telephone.

## JURISDICTION

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

8. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et. seq.,* the Michigan Occupational Code M.C.L. §339.901 *et. seq.* ("MOC").

9. Venue is proper in this district because Defendant transacts business here and places phone calls into this district, and Plaintiff lives in this District.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Grand Rapids, County of Kent, State of Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and TCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

11. Defendant is a Delaware corporation and is conducting business through its registered agent CSC-Lawyers Incorporating Service, 601 Abbott Rd., East Lansing MI, 48823.

12. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is a "debt collector" as the term is defined and used in the FDCPA and the TCPA. Defendant maintains a valid license from the State of Michigan to collect consumer debts in Michigan. Defendant is a "collection agency" and "licensee" as those terms are defined and used in the MOC.

14. At all relevant times to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

15. At all relevant times to this complaint, Defendant engaged in "telecommunications" as defined in the TCPA 47 U.S.C. §153(43).

16. At all relevant times to this complaint, Defendant engaged in "Interstate communications" as defined by TCPA 47 U.S.C. §153(22).

17. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

18. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "automatic dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## FACTUAL ALLEGATIONS

19. On or around April of 2016, and within one year immediately preceding the filing of this complaint, Defendant began repeated attempts to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt.

20. Plaintiff's personal cellular telephone number is (616) XXX-8327.

21. On or around December of 2016, and within one year immediately preceding the filing of this complaint, Defendant repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Without Plaintiff's prior express consent, Defendant repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt at least twenty-five (25) times.

23. These calls were not made for emergency purposes.

24. Defendant placed these calls repeatedly and continuously, often multiple times per day.

25. When Plaintiff answered the phone she was met by a long period of silence or "dead air" before any representative came on the line.

26. Dead air calls are the hallmark of calls placed using automated or predictive dialers.

27. Plaintiff has never provided Defendant nor any of its assignors with her current telephone number.

28. Prior to December of 2016, Plaintiff engaged the services of Nationwide Debt Reduction.

29. As part of the debt reduction program, Plaintiff repeatedly told Defendant not to contact her any longer.

30. Plaintiff explicitly revoked her consent to receive telephone calls on her cellular telephone.

31. Despite Plaintiff's revocation of consent, Defendant continued to place calls to her cell phone using an automatic dialing system.

## *Count I – Telephone Consumer Protection Act*

32. All calls and messages were sent in willful violation of the TCPA because Defendant never obtained Plaintiff's prior express consent to make automated calls to her cell phone or to send her prerecorded and/or synthesized messages on her cell phone, and because Plaintiff informed Defendant she did not wish to receive telephone calls.

33. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephone within the last four years prior to filing this complaint were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

34. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone, disrupted Plaintiff's sleep, and eliminated the peace and solitude that the Plaintiff would have otherwise had.

35. Defendant's actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service for which the Plaintiff paid money.

36. Defendant's actions were intentional and knowing.

## *Count II – Violation of 15 U.S.C. § 1692d and MCL § 339.915(n)*

37. Pursuant to 15 U.S.C. §1692d(5), a debt collector may not cause a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

38. MCL § 339.915(n) prohibits licensees from Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor.

39. The majority of calls to Plaintiff were either ignored by Plaintiff or sent to voicemail.

40. Defendant placed an unreasonable amount of telephone calls to Plaintiff with the intent to harass, annoy, abuse, and/or oppress her.

41. Defendant intentionally continued to contact Plaintiff with the intent of annoying her enough that they could extract payment from her in violation of 15 U.S.C. §1692d(5) and MCL § 339.915(n).

### *Count V – Violation of MCL § 339.915(q)*

42. Pursuant to MCL § 339.915(q) a licensee may not fail to implement a procedure designed to prevent a violation by an employee.

43. Defendant's multiple violations of the MOC, FDCPA, and TCPA are evidence that there were no procedures implemented by Defendant that would have prevented a violation by employees.

### **TRIAL BY JURY**

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### **PRAYER FOR RELIEF**

**Telephone Collection Practices Act**

45. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Plaintiff without consent.

46. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

47. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

   **Wherefore,** Plaintiff seeks judgment against Defendant for:

   a) Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

   b) Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

   c) An injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

**Fair Debt Collection Practices Act**

48. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

   a. Defendant violated 15 U.S.C. §1692d.

**Wherefore,** Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d) Such further relief as the court deems just and equitable.

**Michigan Occupational Code**

49. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not limited to the following:

    a. Defendant violated M.C.L. §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

    b. Defendant violated M.C.L. §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

**Wherefore**, Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. §339.916(2);

b) Treble the actual damages pursuant to M.C.L. §339.916(2);

c) Statutory damages pursuant to M.C.L. §339.916(2);

d) Reasonable attorney's fees and court costs pursuant to M.C.L. §339.916(2); and

e) Equitable relief pursuant to M.C.L. §339.916(2).

| Dated: December 18, 2017 | Respectfully submitted: <br><br> __/s/_____ <br> Jeffrey D. Mapes (P70509) <br> Jeffrey D. Mapes PLC <br> Attorneys for Plaintiff <br> 29 Pearl St. NW, Ste. 305 <br> Grand Rapids, MI 49503 <br> Tel: (616) 719-3847 <br> Fax: (616) 719-3857 <br> jeff@mapesdebt.com |